**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 11 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-6216 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-00106-PA-1 |
| v. | MEMORANDUM[*] |
| ANTHONY J. SUTTON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 7, 2026[**]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Defendant Anthony J. Sutton appeals the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's denial for

abuse of discretion, *see United States v. Lizarraras-Chacon*, 14 F.4th 961, 964-65

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously ordered this case submitted on the briefs and record without oral argument. *See* Fed. R. App. P. 34(a)(2); Dkt. No. 30.

(9th Cir. 2021), we vacate and remand.

The district court committed a significant procedural error by denying Sutton's motion for a sentence reduction in a form order without any explanation. *See United States v. Trujillo*, 713 F.3d 1003, 1008-11 (9th Cir. 2013) (holding that the district court erred because it "did not at all explain the reasons for rejecting" the defendant's nonfrivolous arguments for a sentence reduction). "It is a general principle of federal sentencing law that district courts have a duty to explain their sentencing decisions." *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). That duty "extends to rulings on requests for a sentencing reduction." *Id.* Though the district court need not provide exhaustive reasoning, the court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Trujillo*, 716 F.3d at 1010 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

The government contends that, under *Chavez-Meza v. United States*, 585 U.S. 109 (2018), no explanation was needed because the judge who denied Sutton's motion for a sentence reduction in 2025 was the same judge who resentenced Sutton in 2020, so the judge's explanation of Sutton's sentence in 2020 provided an "intuitive reason" for the judge's denial of Sutton's motion five years later. *See id.* at 120. We are not persuaded. *Chavez-Meza* is inapposite for

two reasons.

First, in *Chavez-Meza*, the defendant's original sentence of 135 months was within the applicable Guidelines range of 135-168 months. *Id.* at 114. After an amendment to the Guidelines reduced the applicable range to 108-135 months, the district court granted in part the defendant's motion for a sentence reduction and reduced the defendant's sentence to 114 months. *Id.* Though the same district judge presided over the original sentence and sentence modification, the U.S. Supreme Court emphasized that both sentences were within the applicable Guidelines ranges and therefore did not require "lengthy explanation[s]." *Id.* at 113; *see also id.* at 117 ("[I]t is unsurprising that changing the applicable range may lead a judge to choose a nonproportional point on the new range."). As such, in modifying the defendant's sentence but staying within the amended Guidelines range, "there was not much else for the judge to say," *id.* at 119, and the district court's original sentence provided an "intuitive reason why he picked a sentence above the very bottom of the new range," *id.* at 120.

By contrast, this appeal involves sentences that fall outside the applicable Guidelines ranges. Sutton's 262-month sentence in 2020 was already a 91% upward variance from the high end of the applicable Guidelines range of 110-137 months. After the district court denied Sutton's motion to reduce his sentence, Sutton's sentence became a 110% upward variance from the high end of the

25-6216

amended range of 100-125 months.[1]  In these circumstances, the district court was obligated to provide some explanation for its denial.  *See United States v. Thompson*, 130 F.4th 1158, 1168 (9th Cir. 2025) ("[A] significant variance from the Guidelines must be supported by a correspondingly persuasive justification."); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[T]he judge must explain why he imposes a sentence outside the Guidelines.").

Second, *Chavez-Meza* expressly cautioned that "under different facts and a different record, the district court's use of a barebones form order . . . would be inadequate."  585 U.S. at 119.  The U.S. Supreme Court emphasized that "[i]f the court of appeals considers an explanation inadequate in a particular case, it can send the case back to the district court for a more complete explanation."  *Id.* at 116.  This is such a case.  Sutton raised several specific, nonfrivolous arguments in support of his motion for a sentence reduction in 2025 that were not before the district court at Sutton's resentencing in 2020.  For example, between 2020 and 2025, Sutton formally disaffiliated from his prior gang, completed a nonresidential drug abuse treatment program, and had no prison infractions.  Yet the district court "did not at all explain the reasons for rejecting [these mitigating factors]; this was legal error."  *Trujillo*, 713 F.3d at 1011; *see Lizarraras-Chacon*, 14 F.4th at 968.

---

[1]     The government does not dispute Sutton's eligibility for the reduced Guidelines range.  These figures do not include Sutton's mandatory consecutive 84-month sentence.

Accordingly, we vacate and remand to the district court for proceedings consistent with this disposition.[2]

**VACATED AND REMANDED.**

---

[2]    Because we hold that the district court committed a significant procedural error, we need not address Sutton's additional argument that the district court's denial was substantively unreasonable. *See United States v. Armstead*, 552 F.3d 769, 785 (9th Cir. 2008).